IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LEONARD KELLEY, DENNIS SEIFERT, and
DELORES N. SEIFERT,

             Plaintiffs,

   v.

LEONARD BAIO,

             Defendant.

CV-06-1350-ST

OPINION AND ORDER

STEWART, Magistrate Judge:

## INTRODUCTION

Plaintiff Leonard Kelley ("Kelley") is the beneficial owner of 2,700 acres of real property located in Klamath and Lake County, Oregon (the "property"). All but 160 acres of the property lies in Klamath County. Plaintiffs Dennis and Delores Seifert ("the Seiferts"), Kelley's parents, are the legal owners of the property. At the time the controversy arose, all plaintiffs were

1 - OPINION AND ORDER

citizens of Oregon.[1]  Defendant Leonard Baio ("Baio") is a citizen of the State of California and was the owner of the property until he sold it to Kelley and the Seiferts.  At all relevant times, Baio acted as the agent for the Baio Family Trust dated July 18, 1994.

Kelley and the Seiferts filed the present action on August 21, 2006, in the Circuit Court of the State of Oregon for the County of Columbia (Case No. 062415), alleging claims of fraud and deceit ("First Claim") and reckless misrepresentation ("Second Claim").  On September 20, 2006, Baio removed the action to this court (docket # 1).

This court has diversity jurisdiction under 28 USC § 1332(a)(1) because the amount in controversy exceeds $75,000, and the parties are citizens of different states.  All parties have consented to allow a Magistrate Judge to enter final orders and judgment in this case in accordance with FRCP 73 and 28 USC § 636(c).

Baio has now moved to dismiss or stay the action pending the outcome of litigation in the Lake County Circuit Court (docket # 6).  For the reasons given below, that motion is granted and this case is stayed.

## LEGAL STANDARD

"In federal court, dismissal for failure to state a claim is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'"  *Cervantes v. City of San Diego*, 5 F3d 1273, 1274 (9th Cir 1993), citing *Hishon v. King & Spalding*, 467 US 69, 73 (1984).  In making this determination, this court accepts all

---

[1] According to the Notice of Removal, Kelley may be a citizen of Washington.  Even if he is, which he denies, it would not affect this court's diversity jurisdiction.

allegations of material fact as true and construes the allegations in the light most favorable to the non-moving party. *Tanner v. Heise*, 879 F2d 572, 576 (9th Cir 1989) (citations omitted).

## FACTUAL AND PROCEDURAL BACKGROUND

This case is not the first one involving these same parties and the same property. In February 2006, Baio filed a suit against Kelley and the Seiferts in the Circuit Court of the State of Oregon for Lake County (Case No. 060032CV) to collect the purchase price of the ranch and to foreclose the related trust deed. Kelley and the Seiferts filed a counterclaim for breach of contract due to the failure to convey water rights, excusing them from further performance. VanLeuven Reply Decl., Exhibit 1. Uncertain as to the allegations in the counterclaim, Baio filed Motions in Limine to preclude Kelley and the Seiferts from introducing any evidence as to any misrepresentations based on water rights. *Id* at Exhibit 3. Kelley and the Seiferts responded that their counterclaim did allege misrepresentation (*id* at Exhibit 4) and then submitted a Motion to Amend Answer and Counterclaim, along with the proposed amendment alleging additional counterclaims for intentional, reckless, and negligent misrepresentation. VanLeuven Decl., Exhibit A.

Trial in the Lake County case was bifurcated between Baio's foreclosure claim (an equity claim to be tried to the court) and his action on the note (a law claim to be tried to the jury). *Id* at Exhibit B, p. 1. After trial on the foreclosure claim, as well as on Kelly's and Seiferts' defenses to foreclosure and request for damages to offset any foreclosure award, the trial court entered a Limited Judgment of Foreclosure in favor of Baio on October 11, 2006. *Id* at Exhibits B & C. The trial court "deemed that the answer and counterclaims as amended should be filed." *Id* at Exhibit B, p. 2. Kelly and the Seiferts have filed an appeal from this judgment.

3 - OPINION AND ORDER

A jury trial on the bifurcated action on the note is scheduled to commence in Lake County on March 20, 2007.  VanLeuven Reply Decl., Exhibit 5.

## **DISCUSSION**

### I. **Legal Standard**

In certain circumstances, a federal court may dismiss or stay its proceedings in deference to pending state proceedings.  *Colorado River Water Conserv. Distr. v. United States, et al.*, 424 US 800, 813 (1976); *Moses H. Cone Memorial Hosp. V. Mercury Constr. Corp.*, 460 US 1, 10 (1983).  "Abstention from the exercise of federal jurisdiction is the exception, not the rule." *Colorado River*, 424 US at 813.  The doctrine rests on consideration of "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation."  *Id* at 817 (internal citations and quotations omitted).

The factors used to determine whether staying proceedings is appropriate include: (1) whether either court has assumed jurisdiction over a *res*; (2) the relative convenience of the forums; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether state or federal law controls; and (6) whether the state proceeding is adequate to protect the parties' rights.  *Nakash v. Marciano*, 882 F2d 1411, 1415 (9th Cir 1989), citing *Colorado River*, 424 US at 818, *Moses Cone*, 460 US at 25-26.  This list is not exclusive and other factors can be considered.  *Moses Cone*, 460 US at 16.  While "exact parallelism" is not required, the two proceedings must be "substantially similar."  *Nakash*, 882 F2d at 1416 (citations omitted).

///

///

4 - OPINION AND ORDER

**II.    Analysis**

Baio moves for an order dismissing this case or, in the alternative, staying this case pending the outcome of litigation in the Lake County case, which allegedly involves the same parties and the same or substantially similar controlling issues, in order to avoid waste of judicial resources and the risk of inconsistent or conflicting rulings between the two courts.

Kelley and the Seiferts accuse Baio of forum shopping and believe that his removal of this case to this court is nothing more than a disguised motion to change venue from Columbia County to Lake County.

**A.    Supplemental Jurisdiction under 28 USC § 1367**

Kelley and the Seiferts concede that this case and the state case in Lake County should be joined in the same action for the convenience of the parties because the two suits are related and overlap, although they do not contain identical claims.  They request this court to exercise supplemental jurisdiction of the claims and counterclaims pending in the Lake County case in order to join all the controversies between these parties here.  They believe that because the remaining claims and counterclaims in the Lake County case are related to this case, there are no grounds for this court to deny supplemental jurisdiction.

 Supplemental jurisdiction has nothing to do with the issue in this motion, which is whether two separate cases, one removed from Columbia County to this court and one pending in Lake County, should proceed simultaneously.  Pursuant to 28 USC § 1367, federal courts have the discretion to exercise jurisdiction over a plaintiff's state law claims in cases where a plaintiff has sued on a federal claim, or over ancillary claims involving non-diverse parties in diversity cases.  Neither option would allow this court to obtain supplemental jurisdiction over the Lake

5 - OPINION AND ORDER

County case. This court's diversity jurisdiction over the case removed from Columbia County does not also grant it jurisdiction over the Lake County case. In fact, under 28 USC § 1441(b), the Lake County case cannot be removed to this court on the basis of diversity jurisdiction because Kelley and the Seiferts, defendants in that case, are citizens of Oregon.

### B. Application of the "Abstention" Factors

Five of the abstention factors clearly favor Baio. The Lake County Circuit Court was the first to obtain jurisdiction over a *res*, the ranch at issue here. Although Kelley and the Seiferts complain that Lakeview (the location of the Lake County Courthouse) is too remote to be convenient, Baio represents that Lakeview is the closest courthouse to the ranch and to most of the witnesses. Also, the Lake County case has been pending since February 2006, state court first obtained jurisdiction, and state law, not federal law, controls all claims.

With respect to the adequacy of the state proceeding to protect the parties' rights, Kelley and the Seiferts point out that only 2.6% of the property at issue is located in Lake County, the rest being in Klamath County, that Lake County is remote and sparsely populated, and the parties do not reside there. They also believe that both judicial and local prejudice raise issues of fairness and quality of justice.[2] In a sense, Kelley and the Seiferts are attempting to relitigate their unsuccessful motion filed in the Lake County case to change venue from Lake County. This court is not the proper forum to appeal an order on a motion to change venue, and there is scarce evidence that the Lake County court would fail to protect Kelley and the Seiferts' rights.

---

[2] With regard to judicial prejudice, Kelley and the Seiferts' counsel complains that the Lake County judge rushed to schedule the foreclosure trial in the six-month old case on a date when the judge already had another trial and was not available, forcing the parties to travel to Lakeview, and then rescheduling the trial in the middle of counsel's family vacation. While the latter is unfortunate, the former placed an equal burden on both parties to travel to Lakeview for a trial that was postponed. Kelley and the Seiferts have offered no evidence in support of their allegation as to local prejudice.

However, the remaining factor of whether piecemeal litigation can be avoided depends largely on the similarity of the counterclaims pending in the Lake County case and the claims alleged in this case.  Baio contends that all of the claims can be resolved in the Lake County case at the jury trial.  However, it is difficult to compare those claims at this juncture because of uncertainty concerning the status of the counterclaims pending in the Lake County case.

The misrepresentation counterclaims alleged in the Amended Answer and Counterclaims deemed filed in the Lake County case are substantially similar to the claims for fraud and deceit (intentional misrepresentation) and reckless misrepresentation alleged here.  However, Kelley and the Seiferts contend that the court in the Lake County case should not have deemed their proposed Amended Answer and Counterclaims to be filed.  Instead, they argue that the only counterclaim at issue in the Lake County case is for breach of contract alleged in their initial Answer.[3]  Based on this reasoning, they assert that the claims in state court are not similar to the claims alleged in the Complaint filed here.

The Lake County court did not formally rule on Kelley and the Seiferts' Motion to Amend Answer, to which Baio initially objected, before making its findings on the foreclosure claim.  However, during the foreclosure trial, Baio withdrew his objections and Kelley and the Seiferts presented "substantial evidence" regarding the counterclaims in the Amended Answer and also moved during closing arguments to conform their pleadings to the evidence presented in court, which was allowed.  VanLeuven Decl., Exhibit B, p. 2.  Therefore, the Lake County court "deemed that the answer and counterclaims as amended should be filed."  *Id*.  The court granted

---

[3] The parties did not address whether the fraud and misrepresentation counterclaims are mandatory counterclaims which must be filed in the foreclosure case.

7 - OPINION AND ORDER

Kelly and the Seiferts 15 additional days to file an amended answer and counterclaim, but they declined to do so. *Id*. Accordingly, the court allowed no offset to the foreclosure based on damages for fraud and misrepresentation (*id* at 6) and set a jury trial on the breach of note claim and presumably on the fraud and misrepresentation counterclaims.

If the Lake County court erroneously deemed as filed the counterclaims in the Amended Answer, then the remaining counterclaims in the Lake County case may not be substantially similar to the claims here. However, this court need not address that issue because it can and should be addressed in the pending appeal of the state court foreclosure judgment.

Kelly and the Seiferts also argue that the trial court could only decide Baio's right to repossess the collateral and could not decide the amount due under the note, which is part of the law claim for breach of the note, and that any damages decided by the jury for fraud and misrepresentation must be deducted from the amount due on the note. As a result, they contend that the Lake County court erred by making findings on their request for damages based on alleged misrepresentations by Baio to offset any foreclosure award.

It is not clear how the trial court's foreclosure findings will affect the remaining claims and counterclaims and the amount due on the note. The Oregon Court of Appeals has held that "lien foreclosure issues and contract issues are triable to different factfinders, and *neither's findings bind the other*." *Westwood Corp., Developers and Contractors v. Bowen*, 108 Or App 310, 317, 815 P2d 1282, 1286 (1991), *rev. dismissed*, 312 Or 589, 824 P2d 418 (1992) (citation omitted, emphasis added). In a later case, the Oregon Court of Appeals held that in enacting ORS 87.060(3), which requires that "[i]f the lien is allowed, the court shall proceed with the foreclosure of the lien and *resolve all other pleaded issues*," the legislature meant "to limit the

8 - OPINION AND ORDER

court's residual authority to *issues subsumed within the lien claim*." *Safeport, Inc.. Equip. Roundup & Mfg., Inc.*, 184 Or App 690, 713 n 3, 60 P3d 1076, 1089 (2002), *rev. denied*, 335 Or 255, 66 P3d 1025 (2003) (citation omitted, emphasis added). However, *Safeport, Inc.* recognized that *Westwood Corp.* did not resolve the question of how to proceed where the jury in a breach of contract case and the court in a lien foreclosure render wholly irreconcilable verdicts: whether the recoveries offset one another or whether the jury's decision overrides the court's opposing findings. *Id*.[4]

      If Kelley and the Seiferts are correct, then the Lake County jury trial will not resolve their fraud and misrepresentation claims. However, if they are wrong, then the counterclaims in the Lake County case and the claims in this case are substantially similar, and this court should dismiss this case to avoid piecemeal litigation. This court is relieved of the need to decide that issue since Kelly and the Seiferts have filed an appeal of the state court foreclosure judgment. Any potential error by the state court can be corrected on appeal. Kelley and Seifert also intend to move the Lake County court for a change of venue to Columbia County which, if granted, may obviate the dispute here.

      Lastly, the issue of forum shopping must be addressed. Kelley and the Seiferts contend that Baio's removal of this case from Columbia County was merely a disguised motion to change venue from Columbia County to Lake County. Were this court to grant Baio's motion to dismiss, the result would indeed be the equivalent of a change of venue from Columbia County through this court to Lake County. However, Baio started the proceedings initially by filing a

---

[4] *Safeport, Inc.* offered a scenario where the court decides that a lien claimant did not breach the parties' contract and awards the full amount sought, but a jury decides that the lien claimant did breach the contract and awards damages to the other party on a counterclaim. That scenario could occur in this case.

9 - OPINION AND ORDER

foreclosure suit in Lake County. Kelley and the Seiferts filed this case only after an unsuccessful attempt to change the venue to Columbia County and now seek to avoid a jury trial in Lake County. Thus, both sides are equally guilty of forum-shopping.

### C.   Dismissal v. Stay of the Federal Proceedings

As between a dismissal and a stay of the current case, Baio argues that a dismissal is necessary because the controlling issues in this case will be determined in the Lake County case. However, as previously discussed, issues remain to be resolved whether the jury trial in Lake County will be dispositive of the claims in this case. Pending resolution of those issues, this case will be stayed.

### ORDER

For the reasons set forth above, defendant's Motion to Dismiss (docket # 3) is GRANTED and this case is STAYED. Plaintiffs shall submit a written status report to this court every 60 days, with the first report due on or before February 13, 2007.

DATED this 13th day of December, 2006.

/s/
Janice M. Stewart
United States Magistrate Judge

10 - OPINION AND ORDER